37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard MATEO, Defendant-Appellant.
 No. 93-5679.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
Decided Oct. 24, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-92-259-P)
 Armando Oliveros, Jr., Miami, Fla., for appellant.
 Mark T. Calloway, U.S. Atty., H. Thomas Church, Asst. U.S. Atty., Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED
 Before NIEMEYER, Circuit Judge, and PHILLIPS and SPROUSE, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Mateo appeals from his conviction and sentence for conspiring to possess with the intent to distribute a quantity of cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846 (1988). Mateo contends that the district court erroneously denied his motion for acquittal. Mateo also challenges the four-level base offense level increase for being an organizer or leader. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(a) (Nov.1992). Finding no error, we affirm.
 
 
 2
 The government's evidence, including testimony by coconspirators Amado Gomez and Ted Griffin, showed that Mateo initiated and coordinated efforts to sell cocaine in and around the Charlotte, North Carolina, area during 1986 and 1987. The evidence showed that Mateo recruited his cousin, Gomez, to sell the cocaine. Mateo "fronted" cocaine to Gomez in North Carolina, who then sold the cocaine to Griffin's organization for retail sale.
 
 
 3
 Mateo claims the district court erred in denying his motion for acquittal. Mateo argues that Gomez's testimony was incredible and unreliable. The contradictory accounts of Mateo's participation required a credibility determination, which is not subject to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). After viewing the evidence in a light most favorable to the government, Glasser v. United States, 315 U.S. 60 (1942), we find that a rational trier of fact could have found the essential elements of a conspiracy beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Hence, the court properly denied Mateo's acquittal motion.
 
 
 4
 Next, Mateo alleges that a variance existed between the pleading in the indictment and the proof offered at trial. Mateo avers that although one conspiracy was charged, numerous conspiracies were proved. However, a single conspiracy can be found in a case, as this one, involving multiple transactions, where there is an overlap of key actors, methods and goals, indicating one overall agreement or general business venture. United States v. Leavis, 853 F.2d 215, 218 (4th Cir.1988). Thus, there was no fatal variance between the indictment and the proof at trial.
 
 
 5
 Mateo next contends that the district court erred when it found that the amount of cocaine that was reasonably foreseeable to Mateo was at least fifteen but less than fifty kilograms. In a drug offense, the defendant is accountable for all quantities of contraband with which he was directly involved, and in the case of a jointly undertaken criminal activity, all foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook. U.S.S.G. Sec. 1B1.3, comment. (n.2). Proof of the quantity of cocaine reasonably foreseeable to the defendant must be established by a preponderance of the evidence. United States v. Vinson, 886 F.2d 740, 741-42 (4th Cir.1989), cert. denied, 493 U.S. 1062 (1990). And, this Court reviews the district court's finding in this respect for clear error. United States v. Banks, 10 F.3d 1044, 1058 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3755 (U.S.1994).
 
 
 6
 Gomez testified that Mateo furnished him with approximately thirteen kilograms of cocaine during the time Gomez dealt with Mateo. Moreover, there was testimony that the conspiracy distributed approximately thirty kilograms of cocaine in one year. Given Mateo's important role in providing the cocaine, it was reasonably foreseeable to Mateo that the organization would distribute a great deal more drugs than that delivered directly or indirectly by Mateo. Accordingly, the District Court's finding in this respect is not clearly erroneous.
 
 
 7
 Finally, Mateo contests the use of the Sec. 3B1.1(a) "organizer or leader" enhancement. Our review of the evidence shows that the assessment of the Sec. 3B1.1(a) enhancement was not clearly erroneous. United States v. Arnoldt, 947 F.2d 1120, 1128 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3716 (U.S.1992).
 
 
 8
 For the reasons stated herein, we affirm Mateo's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED